## ESTATE OF CORNELIA M. POST, MINOR.

No. 6683—Jan. 17, 1879.

INVESTMENT OF FUNDS.—1.  Guardian is not responsible for the loss of funds occurring by reason of his depositing them for safe-keeping in a bank, except when it was known that such bank was unsafe.

2.  When, however, a guardian loans out funds imprudently and without security, it is his duty to assume the loss.

Construing section, C. C., 2261.

*H. E. Highton*, for guardian.

*W. C. Burnett*, for ward.

The ward attained majority July 6, 1876, and the guardian, at her instance, has rendered his account for settlement, to various items of which the ward has filed written objections.

The guardian had deposited the sum of $562.57 with the Pioneer Land and Loan Association.    That institution failed, September 17, 1877, and the money became lost.    There was no evidence offered that this was an improper place of deposit.    The ward, after becoming of age, knew of the deposit, and made no protest.    The objection is therefore overruled.

All the other objections are overruled, except the following, viz:

In the account, the guardian places to his credit the following item:

"1876, April.—By cash paid ward (by Mrs. H. Bean), $850."

The guardian testified upon the hearing that he loaned this amount to Mrs. Bean, step-mother of the ward, upon her promising to give security by mortgage; that after receiving the money she failed to give the security, and he has been unable to collect the money.

Mrs. Bean testified that the transaction was not a loan, but that the guardian was indebted to her, and that the money was paid on account of that indebtedness.

The ward has been supported for some time by Mrs. Bean, and the guardian insists that if the item cannot be otherwise placed to his credit, it should be treated as money

paid to Mrs. Bean for the support of the ward.    Mrs. Bean, however, does not ask for compensation.

In deciding the point in controversy, it is not necessary to pass upon the conflict in the testimony of the guardian and Mrs. Bean.    In either case, he is responsible for the money.    In making a loan or investment, except under order of Court, the guardian takes the responsibility.    If he made the loan without first having the security, he did not act as a prudent person would act.    If he paid the money on account of his own debt, of course he is liable.    Neither will this Court adjust the difference between the two, as to the compensation for the support of the ward, and give the guardian credit for paying money to Mrs. Bean on an account which she never has claimed.

Let the account be settled, sustaining the objection to the item of $850, and overruling the objections as to all other items.

Being requested to give findings upon the subject of the conflict of testimony regarding the item of $850, I find from the testimony that the guardian, in April, 1876, loaned $850 to Mrs. Bean, she promising to give to him her promissory note for the amount, secured by mortgage; she intending to use the money in the purchasing of a lot, and the mortgage was to be upon that lot.    She used the money in the purchase of the lot, but neglected and refused to give her note for the money.

Mrs. Bean is sister of the guardian.    At the time of the loan, the guardian and Mrs. Bean were residing together in the same house, on friendly terms; but after the loan and refusal to give security, they became estranged.